# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MAURICE J. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11 C 1814 |
| ) | Hon. George W. Lindberg |
| LVNV FUNDING, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is LVNV Funding, LLC's ("LVNV" or "defendant") motion to dismiss plaintiff Maurice J. Smith's ("Smith" or "plaintiff") complaint. For the reasons set forth below, defendant's motion is granted and the complaint is dismissed with prejudice.

*I. Relevant Facts*

On March 15, 2011, plaintiff filed a two-count federal complaint against defendant LVNV. The complaint alleges claims for a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692-1692(p). Count I alleges a violation of Section 1692(e), and Count II alleges a violation of Section 1692(f) of the FDCPA.

According to the complaint, on or about November 5, 2009, LVNV contacted Smith in an effort to collect a debt Smith had with "Sam's Club/GE Money Bank." On November 20, 2009, LVNV contacted Smith again regarding that alleged debt. On January 19, 2010, Smith filed a complaint against LVNV in the Circuit Court of Cook County, Case No. 2010 M1 010436 ("state action"), related to LVNV's debt collection practices. In the state action, Smith asserted that LVNV: (1) violated the FDCPA by failing to "validate" his debt in response to his disputes; (2) violated 15 U.S.C.

§1681(2)(a) of the federal Fair Credit Reporting Act ("FCRA"); and (3) defamed him by reporting inaccurate information regarding his credit score to major credit reporting agencies. On May 6, 2010, the state court found that plaintiff had failed to state a valid cause of action and gave him 21 days to amend the complaint, "with new causes of action that he may have, if any."

On May 25, 2010, plaintiff filed an amended state court complaint against LVNV, asserting a violation of Section 1692(e) of the FDCPA. Specifically, plaintiff claimed that LVNV used false, deceptive, or misleading representations or means in connection with the collection of his debt. Plaintiff further alleged that LVNV violated Section 1692(g)(a) of the FDCPA by failing to comply with its notice requirement. Plaintiff's amended state court complaint again alleged that LVNV defamed him and violated Section 1692(g)(b) of the FDCPA by failing to "validate" his debt in response to his disputes. On August 3, 2010, the state court found that the amended complaint also failed to state any valid causes of action. Accordingly, the state court dismissed the amended complaint and granted Smith 21 days to file another amended complaint.

On August 24, 2010, plaintiff filed a Second Amended Complaint. In that complaint, plaintiff claimed LVNV added an extra charge to his debt, in violation of Section 1692(f)(1) of the FDCPA. On January 28, 2011, the state court found that Smith could not allege any valid causes of action and dismissed his case with prejudice. Thereafter, plaintiff filed the instant federal complaint.

*II. Legal Analysis*

Defendant moves to dismiss the instant federal complaint on four grounds. LVNV argues that plaintiff's case: (1) is barred by the Rooker-Feldman doctrine; (2) should be

dismissed under *res judicata*; (3) is barred by the applicable statute of limitations; and (4) fails to allege a plausible entitlement to relief. Defendant's *res judicata* argument is dispositive, thus the Court addresses that issue first.

### A. Res Judicata

The doctrine of *res judicata* holds that a final judgment in a case on the merits is a conclusive decision, and an absolute bar to a subsequent action involving the same claim or cause of action. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 560 (7th Cir. 1999). In other words, *res judicata* bars the relitigation of questions of law decided in a previous action. *Whitaker v. Ameritch Corp.*, 129 F.3d 952, 956 (7th Cir. 1997). In order for *res judicata* to apply to the claims in the instant case, the following three requirements must be met: (1) there must be a final judgment on the merits rendered by a previous court; (2) there must be an identity in the cause of action; and (3) there must be an identity of the parties or privies of their claim. *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998). Unless otherwise specified by statute or by order of dismissal, an involuntary dismissal of an action, for reasons other than lack of jurisdiction, improper venue, or failure to join an indispensable party, operates as an adjudication on the merits. *Id.* To determine whether there is an identity of causes of action, Illinois applies the "transactional test." *Garcia v. Village of Mt. Prospect*, 360 F.3d 630, 637 (7th Cir. 2004). The "transactional test" holds that different types of theories of relief still constitute a single cause of action if a single group of operative facts give rise to the assertion of a need for relief. *Id.* (citing *Rodgers v. St. Mary's Hosp.*, 149 Ill.2d 302, 173 Ill.Dec. 642, 597 N.E.2d 616, 621 (1992).

In this case, there was a final judgment on the merits in Smith's state action. There is also an identity to the causes of action under the "transactional test." The same common nucleus of operative facts that gave rise to Smith's state action also give rise to the instant case. While Smith is alleging violations of different sections of the FDCPA in the instant complaint, the facts in this case and the state action are the same and Smith's alleged injury in both cases arises from a dispute with LVNV over debts. Further, Smith is the plaintiff and LVNV is the defendant in both cases. Accordingly, under the doctrine of *res judicata*, this action is barred and Smith's case is dismissed with prejudice.

### B. *Rooker-Feldman Doctrine*

The Court also briefly addresses defendant's arguments regarding the Rooker-Feldman Doctrine. LVNV asserts that the Rooker-Feldman doctrine applies to Smith's federal complaint because Smith brought the instant federal case after receiving an adverse judgment in state court, without appealing to a higher state court. The Rooker-Feldman doctrine affirms that federal courts are empowered to exercise original jurisdiction, not appellate jurisdiction over state court decisions. *Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283,125 S.Ct. 1517, 1521 (2005). In this case, plaintiff's federal complaint alleges injuries resulting from violations of the FDCPA and makes no mention of his prior actions in state court. Because the plaintiff is alleging injuries stemming specifically from the alleged violations of the FDCPA, not from the state court judgment against him, the Rooker-Feldman doctrine does not apply.

### III. Summary

In summary, the motion to dismiss is granted. Plaintiff's complaint is dismissed with prejudice as barred by the doctrine of *res judicata.*

**ORDERED:** Defendant's motion to dismiss [12] is granted. The complaint is dismissed with prejudice. All matters pending before the Court having been resolved, this civil case is terminated.

Entered: *[signature]*
George W. Lindberg
Senior U.S. District Court Judge

Dated : June 28, 2011